TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-09-00684-CV






Ticole Taylor, Appellant


v.


Texas Department of Family and Protective Services, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT

NO. 230,270-B, HONORABLE RICK MORRIS, JUDGE PRESIDING




M E M O R A N D U M O P I N I O N



 Ticole Taylor appealed the order terminating her parental rights. She asserted in her
motion for new trial and her statement of points on appeal that the judgment was not supported by
legally or factually sufficient evidence. The trial court found her indigent, but found that her appeal
was frivolous, and declined to order preparation of a reporter's record without cost. See Tex. Civ.
Prac. & Rem. Code Ann. § 13.003 (West 2002); Tex. Fam. Code Ann. § 263.405 (West 2008).
Based on a review of documents in the clerk's record, this Court affirmed the finding that her
appeal was frivolous, and let the appeal proceed to the merits. Taylor did not pay for preparation of
a reporter's record and failed to file a brief. We abated this appeal and remanded for a hearing before
the trial court to determine whether Taylor desired to pursue this appeal.

 Taylor did not appear at the hearing. Her trial counsel--who filed the motion for
new trial, the statement of points on appeal, and the appellate docketing statement--appeared and
confirmed with the trial court that, when the trial court found Taylor's appeal frivolous, the
trial court did not appoint him or anyone to represent Taylor on appeal. Counsel stated that
nevertheless, before the November 2010 hearing on whether Taylor wanted to pursue the appeal, he
contacted Taylor through information from her parole officer. Counsel stated that he mailed Taylor
a letter at the address provided which informed her of the hearing date, place, and time, and stated
plainly, "If you want to appeal your case you must be in court on the above date." Counsel stated
that Taylor called him a "couple of different times" at which time he explained to her the importance
of appearing at the hearing. Counsel told the trial court that, at first, Taylor said she was not going
to appear but later said she planned to come to the hearing. The trial court then found that Taylor
had abandoned the appeal.

 From the record before us, we conclude that Taylor has abandoned this appeal. She
has not filed a brief or otherwise contacted this Court concerning her appeal, which has been pending
since December 3, 2009. There is no indication that she contacted the trial court regarding pursuing
her appeal. She did not appear at the trial court hearing set to determine whether she desired to
pursue the appeal despite being told by her former counsel that she must do so in order to appeal.

 We dismiss this appeal for want of prosecution. See Tex. R. App. P. 42.3(b).


 

 Diane Henson, Justice

Before Chief Justice Jones, Justices Pemberton and Henson

Dismissed for Want of Prosecution

Filed: December 17, 2010